# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOP CUISINE INC. d/b/a ANTHRACITE CAFE, | ) ) ) | |
| **Plaintiff** | ) ) | CIVIL ACTION |
| v. | ) ) | NO. |
| UTICA FIRST INSURANCE COMPANY and W N TUSCANO AGENCY INC., | ) ) ) ) ) | |
| **Defendants** | | |

## NOTICE OF REMOVAL

Defendant Utica First Insurance Company ("Utica First"), by and through its undersigned counsel, hereby removes the above-captioned action—which is presently docketed in the Court of Common Pleas of Luzerne County at No. 2021-01855—pursuant to 28 U.S.C. § 1441 *et seq*. In support thereof, Utica First avers as follows:

**I.   THE PARTIES AND BACKGROUND**

1. This alleged breach of insurance contract, bad faith, declaratory judgment, and negligence action arises from a dispute between plaintiff Top Cuisine, Incorporated d/b/a Anthracite Café ("Plaintiff") and Defendants Utica First and the W.N. Tuscano Agency, Incorporated ("Tuscano") regarding Plaintiff's claim for coverage under a policy of businessowners insurance issued to

Plaintiff by Utica First ("the Policy").  A copy of Plaintiff's Complaint is attached hereto as Exhibit "1."

2. Plaintiff's Complaint was filed in the Court of Common Pleas of Luzerne County on September 23, 2021.

3. Plaintiff alleges that it is a citizen of Pennsylvania, as it is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and it has its principal place of business at 804 Scott Street, Wilkes Barre, Pennsylvania 18705.  *See* Ex. 1 at ¶ 1.

4. Defendant Utica First is a corporation organized and existing under the laws of the State of New York, and it has its principal place of business at 5981 Airport Road, Oriskany, New York 13424.

5. Defendant Tuscano is alleged to be a citizen of Pennsylvania. *See id.* at ¶ 3. However, as discussed below, the citizenship of Tuscano must be disregarded for the purpose of determining this Court's jurisdiction.

6. Plaintiff's Complaint alleges that Plaintiff's business and its business property were insured under the Policy, and that the Policy was allegedly procured for Plaintiff by its insurance agent, Tuscano. *Id.* at ¶¶ 4-12; *id.* at ¶ 15; *id.* at ¶ 31.

7. Plaintiff further alleges that the Policy includes coverage for loss of business income that results from a business closure by order of "Civil Authority"

or from a suspension of the insured's business due to a "direct loss to property" at the insured's business. *See id.* at ¶¶ 32-40.

8. Plaintiff further alleges that it owned and/or operated a restaurant named the "Anthracite Cafe," which was located at 804 Scott Street, Wilkes Barre, Pennsylvania. *See id.* at ¶ 14.

9. According to Plaintiff's Complaint, Plaintiff was forced "to cease its operations" in accordance with the various orders issued by the Governor of Pennsylvania to combat the spread of the novel coronavirus ("Covid-19"). *See id.*; *id.* at ¶¶ 18-23; *id.* at ¶¶ 41-46.

10. Plaintiff contends that its compliance with these orders caused it to suffer both a loss of physical use of its business property and a loss of business income. *Id.* at ¶¶ 47-53.

11. Plaintiff further alleges that as a result of these alleged losses, it submitted a claim to Utica First seeking coverage under the Policy. *Id.* at ¶ 54.

12. Plaintiff claims that Utica First's determination that the Policy did not provide coverage for Plaintiff's claim was incorrect, and that its handling of Plaintiff's claim breached the Policy and was in bad faith. *Id.* at ¶¶ 55-75.

13. In Count I ("Declaratory Judgment") of Plaintiff's Complaint, Plaintiff seeks a declaratory judgment holding that Plaintiff's claim for loss of

business income as a result of the various governmental orders is covered under the Policy. *Id*. at ¶¶ 76-81.

14.   In Count II ("Breach of Contract") of Plaintiff's Complaint, Plaintiff alleges that Utica First breached the terms of the Policy when it denied coverage for Plaintiff's claim for loss of business income. *Id*. at ¶¶ 82-89.

15.   Count II seeks damages "in an amount in excess of $50,000 plus intersts [*sic*], costs, and other such relief as this Court deems appropriate." *Id*.

16.   In Count III ("Bad Faith") of Plaintiff's Complaint, Plaintiff alleges that Utica First acted in bad faith when handling of Plaintiff's claim and in its decision to deny coverage for Plaintiff's claim. *Id*. at ¶¶ 90-95.

17.   Count III seeks the damages available under 42 Pa. C.S. § 8371, including interest, attorneys' fees, punitive damages, and compensatory damages. *Id*. at ¶ 95.

18.   In Count III's *ad damnum* clause, Plaintiff claims an entitlement to damages "in an amount in excess of $50,000 plus interests, costs, and other such relief as this Court deems appropriate." *Id*.

19.   In Count IV ("Negligence") of Plaintiff's Complaint, Plaintiff alleges that Tuscano failed to procure sufficient insurance to cover the losses alleged by Plaintiff as a result of the various governmental orders. *Id*. at ¶¶ 96-102.

20. Notably, Plaintiff pleads this claim against Tuscano "in the alternative to Counts I to III," and only if "the fact finder determines that the Policy does not cover Plaintiffs [*sic*] losses in full." *Id*. at ¶ 97.

21. In Count IV's *ad damnum* clause, Plaintiff claims an entitlement to damages "in an amount in excess of $50,000 plus interests, costs, and other such relief as this Court deems appropriate." *Id*.

22. In Count V ("Negligent Supplying for the Information or Guidance of Others, Restatement (Second) of Torts Section 552") of Plaintiff's Complaint, Plaintiff alleges that Tuscano negligently supplied incorrect or incomplete information to Plaintiff regarding the coverage under the Policy in order to induce Plaintiff to purchase the Policy, and thus caused Plaintiff to suffer damages when its claim was not covered under the Policy. *Id*. at ¶¶ 103-108.

23. Notably, Plaintiff pleads this claim against Tuscano "in the alternative to Counts I to III," and only if "the fact finder determines that the Policy does not cover Plaintiffs [*sic*] losses in full." *Id*. at ¶ 104.

24. In Count V's *ad damnum* clause, Plaintiff claims an entitlement to damages "in an amount in excess of $50,000 plus interests, costs, and other such relief as this Court deems appropriate." *Id*.

25. In Count VI ("Negligent Misrepresentation") of Plaintiff's Complaint, Plaintiff alleges that Tuscano failed to advise Plaintiff that the Policy would not

cover Plaintiff's Covid-19 business income claim; that Plaintiff purchased the Policy in reliance on Tuscano's alleged misrepresentations; and that Plaintiff subsequently suffered damages when its claim was not covered under the Policy. *Id*. at ¶¶ 109-114.

26. Notably, Plaintiff pleads this claim against Tuscano "in the alternative to Counts I to III," and only if "the fact finder determines that the Policy does not cover Plaintiffs [*sic*] losses in full." *Id*. at ¶ 110.

27. In Count VI's *ad damnum* clause, Plaintiff claims an entitlement to damages "in an amount in excess of $50,000 plus interests, costs, and other such relief as this Court deems appropriate." *Id*.

28. Utica First now timely removes the instant matter to this Court.

## II. <u>BASIS FOR REMOVAL TO FEDERAL COURT</u>

29. A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter. *See* 28 U.S.C. §§ 1441(a); 1446(a).

30. This Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all relevant parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000, as established below.

31. The burden of demonstrating federal court jurisdiction under 28 U.S.C. § 1332 is on the party invoking that jurisdiction, *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), and the defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999).

### A. DIVERSITY OF CITIZENSHIP

32. As noted above, Plaintiff is a citizen of Pennsylvania, as that state is both the state of its incorporation and the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation shall be deemed to be a citizen of any state in which it has been incorporated, as well as the state in which it has its principal place of business)

33. The relevant Defendant—Utica First—is a citizen of New York, as that state is both the state of its incorporation and the location of its principal place of business. *See id.*

34. Although complete diversity of citizenship is required in order to invoke this Court's jurisdiction under 28 U.S.C. § 1332, the Court may disregard the citizenship of parties that are fraudulently joined or joined solely to defeat diversity jurisdiction. *See, e.g., Rubino v. Genuardi's Inc.,* 2011 U.S. Dist. LEXIS 9735, at \*\*8-9 (E.D. Pa. Jan. 31, 2011) (citing *In re Briscoe*, 448 F.3d 201, 216 (3d

Cir. 2006)); *see also SWB Yankees, LLC v. CNA Fin. Corp.*, 492 F. Supp. 3d 412, 414-15 (M.D. Pa. 2020) ("The doctrine of fraudulent joinder acts as an exception to this requirement for complete diversity."); *Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.)*, 624 F. Supp. 2d 396, 411-412 (E.D. Pa. 2009) (holding that the court may disregard a party's citizenship when that party has been fraudulently joined).

35. As this Court has explained, "A joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *SWB Yankees*, 492 F. Supp. 3d at 415.

36. The existence of a justiciable case or controversy that is ripe for review is a prerequisite to Plaintiff's ability to maintain its action as against Tuscano. *See, e.g., Alpart v. Gen'l Land Partners, Inc.*, 574 F. Supp. 2d 491, 498 (E.D. Pa. 2008); *Am. States Ins. Co. v. Component Technologies, Inc.*, 420 F. supp. 2d 373, 374 (M.D. Pa. 2005).

37. As the *Alpart* court explained:

A claim is not ripe if the adjudication "rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2001). This inquiry "reflects a judgment that the disadvantages of a premature review that may prove too abstract or unnecessary ordinarily outweigh the additional costs of -- even repetitive -- [later] litigation." *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 735, 118 S. Ct. 1665, 140 L. Ed. 2d 921 (1998).

*Alpart*, 574 F. Supp. 2d at 498; *see also Pittsburgh Mack Sales & Service v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (holding that "a potential harm that is 'contingent' on a future event occurring will likely not satisfy [the adversity of interests] prong of the ripeness test").

38. Several courts have held that an action against an insurance broker or agent for failure to procure insurance is premature—and thus not ripe for adjudication—where there has not yet been a determination that the insurance policy does not, in fact, provide coverage. *See, e.g., Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 2020 U.S. Dist. LEXIS 207636, at **10-13 (W.D. Tex. Nov. 5, 2020) (holding that claim against insurance agent for failure to procure insurance coverage for Covid-19 related losses was premature until dispute with State Auto regarding coverage was resolved); *JWC Hamptons, Inc. v. Empire Indem. Ins. Co.*, 2020 U.S. Dist. LEXIS 1133, at **3-6 (S.D. Fla. Jan. 3, 2020), *adopted by* 2020 U.S. Dist. LEXIS 91648 (S.D. Fla. Jan. 24, 2020) (declining to remand based on lack of diversity of insurance agent defendant, where claims against the insurance agent were premature until the coverage determination was made); *Monroe Guar. Ins. Co. v. Newtex Realty, LP*, 2019 U.S. Dist. LEXIS 45985, at **6-10 (N.D. Tex. Mar. 4, 2019) (holding that claim against insurance agent was premature until coverage determination was made); *Witkin Design Group, Inc. v. Travelers Prop. Cas. Co. of Am.*, 2016 U.S. Dist. LEXIS 51632, at

\*\*5-11 (S.D. Fla. Apr. 18, 2016) (denying motion to remand based on lack of diversity of insurance agent defendant, where claims against the insurance agent were premature until the coverage determination was made).

39. Thus, until there has been a judicial determination that the claim made by Plaintiff is not covered under the Policy, Plaintiff does not have an actionable claim against Tuscano for failure to procure the necessary insurance coverage. *See, e.g., Republic Servs. of Pa., LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 475-78 (E.D. Pa. 2018) (dismissing claims against insurance broker based on lack of ripeness where a determination as to indemnity coverage for the insured had not yet been made, and thus the insured had not suffered pecuniary losses as a result of the broker's alleged negligence); *ABC Capital Invs., LLC v. CNA Fin. Corp.*, 2017 U.S. Dist. LEXIS 95433, at \*\*15-16 (E.D. Pa. June 20, 2017) (holding that claims against broker for failure to procure insurance were premature because determination regarding indemnity coverage had not yet been made); *see also Carpenter Co. v. Gallagher Tire, Inc.*, 2013 Phila. Ct. Com. Pl. LEXIS 197, at \*\*14-16 (Phila. Cnty. Apr. 29, 2013) (holding that plaintiff's claim that defendant failed to procure the insurance required under their lease agreement was premature in light of separately-pending coverage litigation).

40. Moreover, Plaintiff's own Complaint expressly conditions each of its claims against Tuscano on the Court's determination that there is no coverage

under the Policy for Plaintiff's business income claim. *See, e.g.,* Ex. 1 at ¶ 97 (seeking damages against Tuscano "[i]n the event that the fact finder determines that the Policy does not cover Plaintiffs [*sic*] losses in full"); *id.* at ¶ 104 (same); *id.* at ¶ 110 (same).

41. Plaintiff's claims against Tuscano are therefore contingent on a future event: specifically, the Court's determination as to the coverage under the Policy.

42. A determination that the Policy does, in fact, provide coverage for Plaintiff's business income claims would render the claims asserted against Tuscano moot.

43. Based on both the foregoing case law and Plaintiff's own pleadings, Plaintiff's claims against Tuscano are therefore not ripe at this time, and Tuscano's citizenship must therefore be disregarded for the purpose of determining this Court's jurisdiction.

44. Accordingly, the requisite diversity of citizenship exists between the relevant parties—specifically, Plaintiff and Utica First.

### B. AMOUNT IN CONTROVERSY

45. Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. *See, e.g.*, *Samuel-Basset v. Kia Motors America, Inc.*, 357 F.3d 392, 398-99 (3d Cir. 2004).

46. Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

47. In addition, where—as here—a plaintiff does not specifically aver in its complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum. *See Samuel-Bassett*, 357 F.3d at 397-98; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).

48. Count III of Plaintiff's Complaint ("Bad Faith") is sufficient on its own to satisfy the amount in controversy, as Count III seeks bad faith damages against Utica First that, pursuant to 42 Pa. C.S. § 8371, may include attorneys' fees and costs, interest on insurance proceeds owed, and punitive damages. *See, e.g.*, 42 Pa. C.S. § 8371; *see also Hook v. Progressive Casualty Ins. Co.*, 2008 U.S. Dist. LEXIS 68985, at **7-10 (M.D. Pa. Aug. 18, 2008).

49. Where attorneys' fees are available by operation of a statute such as § 8371, the recovery of such sums is to be included in the calculation of damages for purposes of determining the amount in controversy. *See, e.g., Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Morris v. Bankers Life & Cas.*

*Co.*, 2012 U.S. Dist. LEXIS 23952, at *5 (E.D. Pa. Feb. 23, 2012) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action."); *Stehle-Rosellini v. Allstate Corp.*, 2010 U.S. Dist. LEXIS 5709, at **11-12 (W.D. Pa. Jan. 25, 2010) (same).

50. Likewise, statutorily-available punitive damages are to be included in the calculation of damages for purposes of determining the amount in controversy. *See, e.g.*, *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004); *see also Fine v. State Farm Fire & Cas. Co.*, 1993 U.S. Dist. LEXIS 7682, at **3-4 (E.D. Pa. June 11, 1993); *Hook*, 2008 U.S. Dist. LEXIS 68985, at **7-10.

51. Given the availability of statutory punitive damages and attorneys' fees under § 8371, it cannot be said "to a legal certainty" that Plaintiff cannot recover the jurisdictional minimum of $75,000 in Count III alone. *See Samuel-Bassett*, 357 F.3d at 397-98; *see also Frederico*, 507 F.3d at 196-97.

52. Furthermore, for the purposes of calculating the amount in controversy, the separate contract (Counts II) and bad faith (Count III) claims alleged by Plaintiff must be aggregated, as each claim sets forth distinct legal theories and requires differing burdens of proof, while also allowing for separate recoveries of damages. *See, e.g.*, *Brown v. Liberty Mutual Fire Ins. Co.*, 2006 U.S. Dist. LEXIS 76139, at *8 (E.D. Pa. Oct. 19, 2006) (holding that plaintiff's demand

of $50,000 each for a breach of contract and bad faith claim satisfied amount in controversy requirement); *see also Miller v. Progressive Cas. Ins. Co.*, 2008 U.S. Dist. LEXIS 32074, at \*\*6-7 (M.D. Pa. Apr. 17, 2008) (aggregating amount demanded in breach of contract claim with punitive damages available for bad faith); *Kidd v. Prudential Ins. Co. of America*, 2008 U.S. Dist. LEXIS 2934, at \*\*6-7 (M.D. Pa. Jan. 15, 2008) (holding that plaintiff's demand of $35,000 for contract count and $50,000 for bad faith count satisfied amount in controversy requirement); *Ketz v. Progressive N. Ins. Co.*, 2007 U.S. Dist. LEXIS 43245, at \*\*8-9 (M.D. Pa. June 14, 2007) (holding that bad faith and breach of contract are "not alternative bases for recovery and can be aggregated to calculate the amount in controversy.").

53. Because Plaintiff states that it seeks a minimum of $50,000 in both Counts II and III of its Complaint, the Complaint—on its face—alleges an aggregate amount in controversy in excess of at least $100,000.

54. Given that the alleged damages in Plaintiff's breach of contract and bad faith counts can be aggregated; and given Plaintiff's alleged entitlement to contract- and tort-based damages, statutory punitive damages, and statutory attorneys' fees, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, insofar as the amount in controversy is in excess of

$75,000 and it cannot be said "to a legal certainty" that Plaintiff cannot recover more than that amount.

### C. REMOVAL IS TIMELY AND PROPER

55. The United States District Court for the Middle District of Pennsylvania is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas of Luzerne County.

56. Utica First has timely filed for removal of the instant matter to this Court, as it has filed this Notice of Removal within thirty (30) days of service of the Complaint. 28 U.S.C. § 1446(b).

57. As required under 28 U.S.C. § 1446(d), Utica First has also filed copies of this Notice of Removal, and related papers, with the Prothonotary for the Court of Common Pleas of Luzerne County, in order to affect the removal of this action.

58. Simultaneous with the filing of this Notice of Removal, Utica First has given written Notice of Removal to counsel for Plaintiff.

59. Because Tuscano was fraudulently joined in this matter, its consent/joinder in this removal is not required. *See, e.g., Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be

disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.") (internal citations omitted).

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Utica First respectfully requests that the above-captioned matter, now pending in the Court of Common Pleas of Luzerne County, be removed to the United States District Court for the Middle District of Pennsylvania.

        Respectfully submitted,

        **POST & SCHELL, P.C.**

**BY:**   */s/ Steven J. Schildt*
       **STEVEN J. SCHILDT, ESQ.**
        (PA Bar No. 79011)
       **BRYAN M. SHAY, ESQ.**
        (PA Bar No. 205953)
       Four Penn Center, 13th Fl.
       1600 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       Phone: 215-587-1182
       Fax: 215-320-4876
       E-mail: bshay@postschell.com
       *Attorneys for Defendant Utica First Ins. Co.*

**DATED:** **October 21, 2021**

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Notice of Removal to be served on all counsel of record via electronic filing and first-class U.S. Mail, postage pre-paid.

        **POST & SCHELL, P.C.**

        **BY:**   */s/ Steven J. Schildt*
                 **STEVEN J. SCHILDT, ESQ.**
                   (PA Bar No. 79011)
                 **BRYAN M. SHAY, ESQ.**
                   (PA Bar No. 205953)
                 Four Penn Center, 13th Fl.
                 1600 John F. Kennedy Blvd.
                 Philadelphia, PA 19103
                 Phone: 215-587-1182
                 Fax: 215-320-4876
                 E-mail: bshay@postschell.com
                 *Attorneys for Defendant Utica First Ins. Co.*

**DATED:  October 21, 2021**